NR:NS/MS
F. #2017R00662

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

JONATHAN GALICIA,

        Defendant.

- - - - - - - - - - - - -X

17M310

COMPLAINT

(18 U.S.C. § 201)

EASTERN DISTRICT OF NEW YORK, SS:

        OMAR DAZA, being duly sworn, deposes and states that he is a Special Agent with the Department of Justice-Office of the Inspector General, duly appointed according to law and acting as such.

        In or about June 2016, within the Eastern District of New York, the defendant JONATHAN GALICIA, a public official, to wit: a Correctional Officer at the Bureau of Prisons Metropolitan Detention Center, in Brooklyn, New York ("MDC"), did knowingly, intentionally and corruptly demand, seek, receive, accept, and agree to receive and accept, directly and indirectly, things of value, to wit: United States currency, personally, in return for the defendant JONATHAN GALICIA being induced to do and omit to do acts in violation of his official duty.

        (Title 18, United States Code, Sections 201(b)(2)(C) and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with the Department of Justice – Office of the Inspector General ("DOJ-OIG"), and have been since 2002. During my tenure with DOJ-OIG, I have participated in numerous investigations of, inter alia, criminal activity within federal prison facilities run by the United States Bureau of Prisons ("BOP"), including bribery of correctional officers to provide contraband to federal inmates. I am familiar with the facts and circumstances set forth below from my participation in the investigation and my review of the investigative file, including my review of various documents provided pursuant to administrative subpoenas by Western Union, AT&T and other companies.

2. Since August of 2016, the DOJ-OIG has been investigating the smuggling of contraband – including cellular telephones – by one or more Bureau of Prisons ("BOP") correctional officers ("CO") and others into MDC – a federal prison as that term is defined in 18 U.S.C. § 1791(d)(4). The facts in this affidavit come from my personal observations, my training and experience, information obtained from other agents, interviews with witnesses of and participants in the scheme described below, review of BOP documents, and review of documents received pursuant to administrative subpoenas, among other sources of evidence. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

---

[1] Because the purpose of this Affidavit is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

**PROBABLE CAUSE**

3. In the course of the investigation, law enforcement officers have interviewed a confidential informant who at all relevant times was an inmate at MDC, housed in a particular housing unit identified by the confidential informant (the "Unit")[2] and who participated in the scheme described below (the "CI").[3] The CI provided the following information, in sum, substance and in part:

    a. While housed in the Unit, the CI befriended the defendant JONATHAN GALICIA, who at the time was a correctional officer at the MDC. In or about late June 2016, the CI asked GALICIA to provide him with an Apple iPhone (the "Apple iPhone") inside the MDC in exchange for money, which GALICIA agreed to do. Thereafter, another inmate ("Inmate 1") arranged for approximately $6,000 to be sent via Western Union to two individuals in Queens, New York ("Individual 1" and "Individual 2") in multiple separate transfers. The CI instructed Individual 1 to purchase an Apple iPhone and await a phone call from "a friend" to set up a meeting. At that meeting, Individual 1 was to provide the Apple iPhone and cash to the person who appeared at the meeting at the time and place arranged on the call.

---

[2] I am aware that the West Building of MDC, in which the events described herein took place, is subdivided into 15 housing units, each of which can house up to 120 inmates.

[3] The CI has pleaded guilty, pursuant to a plea agreement, to Hobbs Act robbery conspiracy, in violation of 18 U.S.C. § 1951, and brandishing a firearm during and in relation to this crime of violence, in violation of 18 U.S.C. § 924(c). The CI expects that his sentencing judge will be informed of the information he has provided to law enforcement regarding the matters described herein.

4

      b.      The CI provided GALICIA with Individual 1's telephone number to arrange a meeting with Individual 1. GALICA then met with Individual 1 in Queens, New York. During that meeting, Individual 1 gave GALICIA the Apple iPhone Individual 1 had purchased and thousands of dollars in cash. GALICIA thereafter provided the Apple iPhone to the CI at the MDC.

      4.      During the course of this investigation, I have also interviewed Individual 1, who provided the following information in sum, substance and in part:[4]

      a.      In or about June 2016, the CI told Individual 1 that someone from Honduras would contact Individual 1 to wire approximately $6,000 to Individual 1 via Western Union. The CI instructed Individual 1 to use the money to purchase the Apple iPhone, to keep approximately $400 to $500 and to provide the rest of the money and the Apple iPhone to a "friend" who would call Individual 1 on Individual 1's telephone to arrange a meeting. Thereafter, Individual 1 received a phone call from someone in Honduras to arrange the wire transfers.

      b.      In or about the week of June 20, 2016, Individual 1 received four wire transfers via Western Union and Individual 2 received one wire transfer via Western Union.[5] Individual 1 and Individual 2 picked up the wire transfer sent to Individual 2 together. A total of approximately $6,476 was sent to Individual 1 and Individual 2 in these

---

[4]    Individual 1 voluntarily participated in this interview.

[5]    I have reviewed records received from Western Union, which records corroborate the information provided by Individual 1 regarding these wire transfers.

five transactions. Individual 1 then purchased the Apple iPhone in Queens, New York for approximately $700.

      c.      On or about June 24, 2016, at approximately 8 a.m., an unknown male (hereinafter, "the unknown male") called Individual 1 on Individual 1's cellular telephone from a telephone number ending in 0059 (hereinafter, the "0059 Number")[6] and stated, in sum and substance, that he wanted to meet with Individual 1 in order to pick something up from Individual 1. Individual 1 agreed to meet the unknown male at approximately 10:30 a.m. the same day at a location in Queens, New York. At the meeting in Queens, New York, Individual 1 provided the unknown male with the Apple iPhone and two envelopes containing a total of approximately $3,800 in cash.[7]

      d.      The following day, on or about June 25, 2016, Individual 1 sent a text message to the unknown male at the 0059 Number telephone number asking, in sum and

---

[6] Information provided by the MDC indicates that the 0059 Number is the telephone number that the defendant JONATHAN GALICIA provided to the MDC as his personal contact telephone number. Subscriber information provided by AT&T also indicates that the 0059 Number is subscribed to by JONATHAN GALICIA at an address in the Bronx, New York.

[7] I have reviewed telephone records and historical cell site information for the 0059 Number for June 24, 2016 provided by AT&T. Those records indicate that the 0059 Number called Individual 1 at approximately 8:01 a.m. (New York time) and that the 0059 Number communicated with Individual 1's telephone number again at approximately 10:08 a.m. (New York time). An analysis of the historical cell site information for the 0059 Number reveals that at approximately 10:08 a.m. (New York time), the telephone assigned the 0059 Number was in the vicinity of the location in Queens, New York where Individual 1 stated that Individual 1 provided the unknown male with the Apple iPhone and approximately $3,800 in cash.

substance, if the unknown male could return $100 to Individual 1.[8] The unknown male agreed to do so and thereafter sent Individual 1 $100 via an application on his cellular telephone directly to Individual 1's bank account at Chase bank. The deposit confirmation that Individual 1 received indicated that the $100 was sent by "Jonathan."

  e. On or about June 26, 2016, while at the MDC, the CI called Individual 1 from the Apple iPhone using the "Facetime" application.

  5. On or about January 27, 2017, I participated in an interview of the defendant JONATHAN GALICIA. Prior to the interview, GALICIA was provided with a United States Department of Justice, Office of the Inspector General "Warnings and Assurances to Employee Requested to Provide Information on a Voluntary Basis" form, which he read, appeared to understand, and signed. Following the interview, GALICIA signed a sworn written statement, in which he admitted the following, in sum, substance and in part:

  a. In June/July of 2016, GALICIA was assigned to the Unit during the 4 p.m. to 12 a.m. shift. GALICIA befriended the CI, whom he supervised in the Unit. At some point, the CI gave GALICIA a telephone number for the purpose of arranging a meeting with Individual 1. GALICIA contacted Individual 1 using his cellular telephone and arranged to meet Individual 1 in Queens, New York. Thereafter, GALICIA met with

---

[8] I have reviewed text messages between Individual 1 and the 0059 Number from June 25, 2016 on Individual 1's cellular telephone. Those text messages corroborate the information provided by Individual 1 regarding Individual 1 seeking the return of $100 from the user of the 0059 Number and the user of the 0059 Number agreeing to send Individual 1 $100 using a "cash app."

Individual 1 in Queens, New York and Individual 1 provided GALICIA with an Apple iPhone and approximately $3,000 in cash.

    b.  Shortly thereafter, Individual 1 called GALICIA and told him that Individual 1 had given him too much money and asked that GALICIA return $100 to Individual 1. GALICIA then sent Individual 1 $100 from his Citibank bank account using a financial application on his cellular telephone.[9] Several days later, GALICIA provided the CI with the Apple iPhone while inside the unit office in the Unit of the MDC.

    6.  Based on this information, there is probable cause to believe that, in or about June 2016, within the Eastern District of New York, the defendant JONATHAN GALICIA, a public official, to wit: a Correctional Officer at the Bureau of Prisons' Metropolitan Detention Center, in Brooklyn, New York, did knowingly, intentionally and corruptly demand, seek, receive, accept, and agree to receive and accept, directly and indirectly, things of value, to wit: United States currency, personally, in return for the defendant JONATHAN GALICIA being induced to do and omit to do acts in violation of his official duty, in violation of 18 U.S.C. § 201(b)(2)(C).

    WHEREFORE, your deponent respectfully requests that the defendant JONATHAN GALICIA be dealt with according to law. Furthermore, your deponent

---

[9] I have reviewed records from Square, Inc., a financial services, merchant services aggregator and mobile payment company, related to Individual 1, which indicate that, on or about June 25, 2016, a $100 payment was received by Individual 1 from a sender identified as "Jonathan." A Citibank statement for a checking account belonging to the defendant JONATHAN GALICIA lists a $100 subtraction from the Citibank account, with the description "MONEYSEND SQC*[Individual 1's first name]" with a date of June 28, 2016. Notably, June 25, 2016 was a Saturday. The Citibank statement indicates that "[t]ransactions made on weekends, bank holidays or after bank business hours are not reflected in your account until the next business day."

8

respectfully requests that this affidavit, arrest warrant and any other papers submitted in support of this application be sealed until further order of the Court so as to prevent notifying the defendant of the pending warrant, which could result in his destruction of evidence and/or alteration of travel plans to avoid arrest.

_____
OMAR DAZA
Special Agent
Department of Justice, Office of the Inspector General

Sworn to before me this
7th d__ S/ Vera M. Scanlon

THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK